25-1047

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF PENNSYLVANIA (Pittsburgh Division)

Daniel Fleischman
Plaintiff, Pro Se



OCT 21 2025

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

v.

Judge Melissa Gravitt (10th Judicial Circuit, Polk County, Florida)
and
Judge Gerald P. Hill II (Former Chief Judge, 10th Judicial Circuit, Polk County, Florida),
Defendants.

Case No.:

Civil Action under 42 U.S.C. § 1983
Emergency Motion for Preliminary Injunction & Federal Preservation Order

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. INTRODUCTION

Plaintiff brings this emergency § 1983 action to stop an ongoing pattern of First
Amendment retaliation and unconstitutional interference with federal supremacy by two
state-court judges in Polk County, Florida.
All state remedies have been exhausted. Plaintiff faces an imminent writ of bodily
attachment stemming from retaliatory contempt proceedings connected to protected
federal filings in his ongoing § 1983 case (Operation Reunification, M.D. Fla. Case No.
8:25-cv-02479-WFJ-TGW*).
He seeks an immediate federal stay of state enforcement, preservation of the record, and a
preliminary injunction to prevent irreparable harm.

### II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
Venue lies in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in Beaver
County, Pennsylvania, and the constitutional injury (retaliation for federal filings) continues
to cause harm in this District.

### III. PARTIES

Plaintiff: Daniel B. Fleischman, pro se father, whistleblower

Defendants:
Judge Melissa Gravitt, sitting in the 10th Judicial Circuit of Florida (Polk County).
Judge Gerald P. Hill II, former Chief Judge of the same circuit.
Both acted under color of state law.

### IV. FACTUAL ALLEGATIONS

Plaintiff's federal whistleblowing exposed secret dockets, grooming evidence, and misuse of Title IV-D funds.
After federal filings, Judges Hill and Gravitt issued a series of retaliatory ex parte injunctions, contempt orders, and service manipulations, depriving Plaintiff of hearings and access to his child.
Hearings were held off-record; filings were suppressed; and contempt orders cited Plaintiff's federal docket as justification.
A writ of bodily attachment is now imminent despite lack of service or jurisdiction.
These actions directly challenge federal supremacy by attempting to nullify active § 1983 jurisdiction and punish Plaintiff for protected speech.

### V. CLAIMS FOR RELIEF

Count I – First Amendment Retaliation (42 U.S.C. § 1983)
Defendants used their judicial authority to punish Plaintiff for speech, filings, and public advocacy exposing misconduct.

Count II – Violation of the Supremacy Clause (U.S. Const. art. VI)
Defendants attempted to override an existing federal case and enforce unconstitutional orders inconsistent with federal jurisdiction.

Count III – Fourteenth Amendment Due Process and Equal Protection
By concealing hearings, issuing ex parte injunctions, and blocking access, Defendants deprived Plaintiff of fair process and equal protection.

### VI. RELIEF REQUESTED

Plaintiff respectfully asks this Court to:
1. Hold an emergency hearing and issue a Preliminary Injunction staying all state proceedings in Polk County Cases 2019DR003499000000 and 2025DR002205000000.
2. Issue a Federal Preservation Order directing Polk County Clerk, JA, and judicial IT to preserve all filings, audit logs, and communications concerning Plaintiff.
3. Declare that Defendants' conduct violates the First and Fourteenth Amendments and the Supremacy Clause.
4. Refer this matter to the U.S. Department of Justice Civil Rights Division for investigation.
5. Grant any further equitable relief deemed just and proper, including virtual-appearance authorization for Plaintiff at all hearings.

### VII. EXHIBITS INCORPORATED

Exhibit A – Secret Docket Structure (Polk County, A000BA)
Exhibit B – RICHEY HILL INJUNCTION RACKET
Exhibit C – GRAVITT HILL FORECLOSURE SURPLUS FUNDS FRAUD
Exhibit D – EX PARTE AND CONTEMPT WITH NO SERVICE / 1ST AMENDMENT AND CHALLENGING FEDERAL SUPREMACY

### VIII. CONCLUSION

Plaintiff faces immediate and irreparable harm via retaliatory contempt and unlawful bodily attachment.
Federal intervention is necessary to protect Plaintiff's constitutional rights and preserve evidence of state-level misconduct.

Respectfully submitted,
/s/ Daniel B. Fleischman
Pro Se Plaintiff
18 Willow Tree Estates
New Brighton, PA 15066
724-462-5730
operationreunification@gmail.com
Dated: October 16, 2025