UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL FLEISCHMAN,

    Plaintiff,

v.

Case No. 8:25-cv-3377-KKM-SPF

JUDGE MELISSA GRAVITT and
JUDGE GERALD P. HILL, II,

    Defendants.

_____

## ORDER

Pro se Plaintiff Daniel Fleischman sues Florida Tenth Judicial Circuit Judges Melissa Gravitt and Gerald P. Hill, II, under 42 U.S.C. § 1983, alleging that the judges are retaliating against him because he filed a federal lawsuit that is currently pending before Judge Jung. Compl. (Doc. 13). Because Fleischman's claims are barred by judicial immunity, I dismiss the action sua sponte.

According to the complaint, Fleischman's "federal whistleblowing exposed secret dockets, grooming evidence, and misuse of Title IV-D funds. After federal filings, Judges Hill and Gravitt issued a series of retaliatory ex parte injunctions, contempt orders, and service manipulations" that "depriv[ed] [Fleischman] of hearings and access to his child." *Id*. at 2.

Fleischman decries a variety of procedural violations, including that "[h]earings were held off-record" and that "[a] writ of bodily attachment is now imminent despite lack of service or jurisdiction." *Id.* Fleischman contends that "[t]hese actions directly challenge federal supremacy by attempting to nullify active § 1983 jurisdiction and punish [him] for protected speech." *Id.*

Fleischman brings three counts: "First Amendment Retaliation" (Count I), "Violation of the Supremacy Clause" (Count II), and violation of "Fourteenth Amendment Due Process and Equal Protection" (Count III). *Id.* Fleischman asks this Court to "stay[] all state proceedings" in two cases, issue a protective order, declare the Judges in violation of the Constitution, and "[r]efer this matter to the [United States] Department of Justice." *Id.*

Fleischman's claims are likely subject to dismissal on several grounds, including (1) as a shotgun pleading; (2) for failure to state a claim; (3) lack of standing; (4) abstention; and (5) judicial immunity.[1] To provide finality to the parties, I proceed on the ground of judicial immunity, which applies to all claims with prejudice.

---

[1] Though the allegations closely resemble those that Fleischman brought against the same defendants in a case that Judge Barber dismissed sua sponte in June 2025, Fleischman avoids a straightforward dismissal on the basis of res judicata by alleging that the retaliation is connected to an "ongoing § 1983 case" filed after the dismissal. *See* Compl. at 1; *Fleischman v. Polk Cnty., Fla.,* No. 8:25-CV-1548-TPB-SPF, 2025 WL 1725959 (M.D. Fla. June 20, 2025).

2

"A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). The doctrine reaches far, providing immunity "regardless of whether [the judge] made a mistake, acted maliciously, or exceeded his authority," and applying no matter "the tragic consequences that result." *Id.* at 1331 (citation modified). Indeed, a judge is immune so long as "the nature and function of the particular act" at issue "is judicial" as considered under four factors:

> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*Id.* (quoting *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc)).

Drawing reasonable inferences from the facts in the complaint, each of the above factors weighs in favor of judicial immunity.

First, the acts that Fleischman complains of—holding hearings and entering orders—are normal judicial functions. The judicial nature of the alleged violations is demonstrated by Fleischman's requested relief—to "stay[] all state *proceedings*" and to "direct[] Polk County Clerk, JA, and judicial IT to preserve all filings, audit logs, and communications concerning Plaintiff." Compl. at 2 (emphasis added).

3

Second, the events involved are the kind that occur in judicial chambers. Most of the procedural violations that Fleischman alleges—such as "off-record" hearings and "ex parte injunctions"—involve actions that ordinarily take place in chambers. *Id.* The exception is the alleged "misuse of Title IV-D funds," which is too vague to locate. *Id.* Nonetheless, given that the crux of Fleischman's complaint is *judicial* retaliation, this factor weighs in favor of judicial immunity.

Third, the controversy appears to center on cases before the defendant-judges. Fleischman asks this Court to stay proceedings in two cases with docket numbers 2019DR003499000000 and 2025DR002205000000. *Id.* According to the website of the Polk County clerk, as of the date of this order, the former case remains open before defendant Judge Gravitt, while the latter case is closed and was before Judge Julie Hill. *See, e.g.*, *Madera v. Fla.*, No. 25-22636-CIV, 2025 WL 2549978, at *2 n.2 (S.D. Fla. Sept. 4, 2025) (taking judicial notice of a state court docket). While Judge Julie Hill is not a named defendant, Fleischman might have mistakenly named Judge Gerald Hill as a defendant given the similarity of their names. This factor weighs in favor of judicial immunity.

Finally, the confrontations arose out of visits to the state court judges, as shown by the nature of the alleged injuries (judicial actions and orders) and

4

the state court docket. Compl. at 1–2. Thus, Fleischman's claims are barred by judicial immunity.

A pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289 (11th Cir. 2018). No amendment could remove the bar on judicial immunity for the claims alleged. Thus, I dismiss with prejudice.

Accordingly, the following is **ORDERED**:

1. Fleischman's action is **DISMISSED WITH PREJUDICE**.
2. The Clerk is directed to **ENTER** judgment, which shall read "This case is dismissed with prejudice," terminate any pending motions and deadlines, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 2, 2026.

Kathryn Kimball Mizelle
United States District Judge